| | |
|---|---|
| SANDRA LITTLE COVINGTON, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>THE STATE OF NORTH CAROLINA, *et al.*,<br><br>　　　　　　　Defendants. | **PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO ENFORCE SCHEDULING ORDER** |

Pursuant to Local Rule 7.2 and this Court's text order dated February 5, 2016, the Plaintiffs, by and through their undersigned counsel, submit the following reply brief in support of their Motion to Enforce Scheduling Order. (Doc. 47).

## I. DEFENDANTS' RESPONSE INACCURATELY CHARACTERIZES THE ISSUES RELEVANT TO PLAINTIFFS' MOTION

Plaintiffs seek an order from this Court enforcing its scheduling order and applying the "automatic sanction" of exclusion of a party's expert witness for failure to adhere to the requirements set forth in Rule 26(a). *See SSS Enterprises, Inc. v. Nova Petroleum Realty, LLC,* 533 F. App'x 321, 324 (4th Cir. 2013) (district court did not abuse its discretion in excluding plaintiffs' expert witness reports filed three days after the due date set in scheduling order). Defendants respond that they "did not intend to call these two witnesses as experts on behalf of the defendants." Defendants' Opposition in Response to Plaintiffs "Motion to Enforce Scheduling Order" at 8 (Doc. 52) (hereinafter "Defs' Opp."). At the same time, they maintain that such testimony "would benefit the

court and the record in this case." *Id.* By seeking to offer this testimony in support of their case, the Defendants are indeed offering expert testimony. They cannot evade the requirements of the Rules of Civil Procedure and the Court's scheduling order in this case by mischaracterizing the nature of the evidence[1] as something other than expert testimony that they are offering to the Court.

Indeed, by conducting depositions of Drs. Ansolabehere and Burden, the Defendants are seeking to convert into admissible testimony otherwise inadmissible expert opinions. In *Harris v. McCrory,* the defendants (Governor McCrory, North Carolina State Board of Elections and its Chairman, Joshua Howard), sought the admission of the very same report by Dr. Burden that the Defendants here seek to rely on in this case. *See Harris v. McCrory,* No. 1:13-cv-949 (M.D.N.C.) Order Addressing Objections, Feb. 5, 2016 at 3, 13-14. (Dk. #141) (copy attached as Exhibit A). There, because the report was not disclosed in accordance with Rule 26(a)(2), and because it was not appropriately the subject of judicial notice, the court held it would not be admitted. *Id.* Similarly, neither Dr. Burden nor Dr. Ansolabehere has been disclosed as an expert by any party in this case. Therefore, their testimony should not be permitted to be used in this case, whether it comes in the form of their written reports in other cases or deposition testimony elicited in depositions conducted in this case.

---

[1] Defendants incorrectly characterize the *Dickson* state court litigation as a loss; however, the action is still pending as plaintiffs have filed a Petition for Rehearing with the North Carolina Supreme Court.

## II. THE EXPERT TESTIMONY DEFENDANTS SEEK TO ELICIT IS NOT AN ADMISSION BY ANY PARTY TO THIS LITIGATION

Defendants' response advances the novel proposition that through a complex web of privity hypotheses, whereby virtually everyone who has ever sued the State of North Carolina would be in privity with each other, all expert testimony in any case involving voting rights is admissible as an admission by these plaintiffs. It is not necessary to unravel the complex web of interrelationships presupposed by the Defendants to be clear that Rule 801(d)(2) of the Federal Rules of Evidence does not apply in these circumstances. First, not one of the cases cited by Defendants in support of their argument, *see* Defs' Opp. at 6, involves a court finding that statements of an expert witness offered in one lawsuit constitute an admission by completely different parties in a second lawsuit because they are tied by being in privity with each other.

More significantly, the cases Defendants rely on do not establish that in the Fourth Circuit, a retained expert becomes the party's agent, making his statements admissible under Rule 801(d)(2). In *Sure-Safe Indus. Inc. v. C&R Pier Mfg.,* 851 F. Supp. 1469 (S.D. Cal. 1993), the expert whose testimony was at issue was an attorney retained by the plaintiff to express an opinion on patent infringement. He subsequently was found guilty of engaging in dishonesty, fraud, deceit and misrepresentation by an Administrative Law Judge in a disciplinary proceeding before the Patent and Trademark Office and on that basis the plaintiffs sought leave of the court to replace him with a different expert. The court denied that motion, but not on the ground that the expert was the plaintiff's agent

3

and therefore his opinions were admissions.  *See Sure-Safe Indus. Inc.,* 851 F. Supp. at 1474.

Similarly, *Glendale Fed. Bank, FSB v. U.S.*, 39 Fed. Cl. 422 (Fed. Ct. 1997) does not support Defendants' position.  There, the Federal Claims Court held that the testimony of an expert retained by a party in that case would only be considered an admission of the party when the party offers the testimony at trial.  *See Glendale Fed. Bank,* 30 Fed. Cl. at 423-424.  The court explained that "[a]dmissions are allowed into evidence because they are or can be treated as the party's own statement." *Id.*  (*citing* Edward J. Imwinkelried, Evidentiary Foundations 273, 282 (3d ed. 1995); 5 Weinstein's Federal Evidence 801-50 (2d ed. 1997); 2 McCormick on Evidence 140 (4th ed. 1992); Advisory Committee Note, Fed. R. Evid. 801(d)(2), 1972 Proposed Rules.)  In deciding that an expert's deposition testimony may not be treated as the sponsoring party's own statement, the court concluded that "drawing the line at a deposition would unduly intrude on a party's ability to control its own case. It would, even more importantly, inhibit a party's attempt to fully explore and understand its own case. This is a serious threat to the adversary system and to settlement." *Glendale Fed. Bank,* 39 Fed. Cl. at 424.  Moreover, the court was persuaded that "[t]he expert witness, testifying under oath, is expected to give his own honest, independent opinion. Even at the time of his deposition he remains autonomous. He is not the sponsoring party's agent at any time merely because he is retained as its expert witness." *Id.*  Thus, even if the Plaintiffs here had, in fact, retained Drs. Burden and Ansolabehere, which everyone agrees they have

4

not done, under the rule in *Glendale Fed. Bank,* any reports or deposition testimony they might provide would not be admissions of the Plaintiffs under Rule 801(d)(2) unless Plaintiffs here called them to testify at the trial of this action.

The other two cases relied on by Defendants, *Collins v. Wayne Corp.,* 621 F.2d 777 (5th Cir. 1980), and *In re Hanford Nuclear Reservation Litigation,* 534 F.3d 986 (9th Cir. 2007) do not support the proposition Defendants' cite them for and are not applicable here. *Collins* involved the testimony of an individual employed by the defendant to investigate and analyze the cause of a bus accident, not an expert witness retained initially in litigation. *Collins,* 621 F.2d at 781-82. *See also Kirk v. Raymark Indus., Inc.,* 61 F.3d 147, 163-164 (3d Cir. 1995)*, cert denied* 516 U.S. 1145 (1996) (distinguishing *Collins* on these grounds). In *In re Hanford Nuclear Reservation Litigation,* the issue was whether an expert called to the stand in trial could be cross-examined by his own prior trial testimony in that case, not whether an expert retained by a party allegedly in privity with the litigant could be deemed to be the agent of that litigant and therefore make admissions on their behalf. 534 F.3d at 1016.

In fact, this case is more analogous to the situation in *SanDisk Corp. v. Kingston Tech.* Co., 863 F. Supp. 2d 815, 819 (W.D. Wis. 2012), where the court held that:

> Unlike the testimony under consideration in *Glendale* and *In re Hanford*, Reed's deposition testimony was given in a separate case. Because SanDisk never proffered Reed's testimony in this case, it is neither reasonable nor fair to find that SanDisk authorized Reed's deposition testimony so that it can be deemed a party admission and used against SanDisk. Reed's deposition testimony is inadmissible hearsay in this case and will be excluded.

5

Case 1:15-cv-00399-TDS-JEP   Document 55   Filed 02/08/16   Page 5 of 9

863 F. Supp. 2d at 819 (*citations omitted*).  In fact, the general issue of when a party's own expert's testimony may be deemed an admission under Rule 801(d)(2) is unclear in the law:  there is a split in the circuits and the Fourth Circuit has not taken a firm position.  *See* Matthew D. Hardin, *Student Note and Comment:  Three Evidentiary Approaches to Party "Admissions" by Experts*, 12 APPALACHIAN J. L. 227 (2013).  To the extent other district courts in this circuit have ruled, they have followed the Third Circuit rule that such testimony is not an admission by a party.  *See N5 Techs. LLC v. Capital One N.A.,* 56 F. Supp. 3d 755, 765 (E.D. Va. 2014) (holding that expert report from someone who was not an agent or employee of the defendant is not admissible under Rule 801(d)(2)).  In short, there is no precedent for Defendants' position that Drs. Ansolabehere and Burden's testimony in another case involving different parties is an admission of the Plaintiffs in this case.

## III.    THE BURDEN ON PLAINTIFFS IS REAL

Defendants have noticed Dr. Burden's deposition in Milwaukee on February 11th, a day on which six other depositions of the Plaintiffs in this case are scheduled, and the day before Plaintiffs' witness Dr. Alan Lichtman is scheduled for deposition.  It will certainly take away from Plaintiffs' case preparation to have to participate in Dr. Burden's deposition.  Similarly, there is at least one other deposition scheduled on the date that Dr. Ansolabehere is scheduled to be deposed in Boston.  Plaintiffs' position that these expert depositions are prejudicial to their efforts to fairly litigate this matter is genuine.

Defendants have not explained how expert reports produced at least two to three years after the redistricting plans challenged in this case, and testimony about election administration laws or congressional districts, are in any way relevant to the question of whether, in 2011, the General Assembly had a reasonable basis for believing that the districts they drew were compelled by the Voting Rights Act and narrowly tailored to comply with that Act.

## IV. CONCLUSION

Because the Defendants have failed to comply with the Rule 26(a)(2) and 37 of the Federal Rules of Civil Procedure, this Court should grant Plaintiffs an Order that testimony by Drs. Ansolabehere and Burden, whether presented in expert reports or in deposition testimony, cannot be admitted in this action.

This the 8th day of February, 2016.

| POYNER SPRUILL LLP | SOUTHERN COALITION FOR SOCIAL JUSTICE |
|---|---|
| | /s/Anita S. Earls |
| Edwin M. Speas, Jr. | Anita S. Earls |
| N.C. State Bar No. 4112 | N.C. State Bar No. 15597 |
| espeas@poynerspruill.com | anita@southerncoalition.org |
| John W. O'Hale | Allison J. Riggs |
| N.C. State Bar No. 35895 | State Bar No. 40028 |
| johale@poynerspruill.com | allisonriggs@southerncoalition.org |
| Caroline P. Mackie | George E. Eppsteiner |
| N.C. State Bar No. 41512 | N.C. State Bar No. 42812 |
| cmackie@poynerspruill.com | George@southerncoalition.org |
| P.O. Box 1801 (27602-1801) | Southern Coalition for Social Justice |
| 301 Fayetteville St., Suite 1900 | 1415 Highway 54, Suite 101 |
| Raleigh, NC 27601 | Durham, NC 27707 |
| Telephone: (919) 783-6400 | Telephone: 919-323-3380 |
| Facsimile: (919) 783-1075 | Facsimile: 919-323-3942 |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |

TIN FULTON WALKER & OWEN, PLLC

Adam Stein (Of Counsel)
N.C. State Bar # 4145
astein@tinfulton.com
Tin Fulton Walker & Owen, PLLC
1526 E. Franklin St., Suite 102
Chapel Hill, NC 27514
Telephone: (919) 240-7089

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the foregoing , with service to be made by electronic filing with the Clerk of the Court using the CM/ECF System, which will send a Notice of Electronic Filing to the following:

| | |
|---|---|
| Alexander M. Peters<br>Special Deputy Attorney General<br>Office of the Attorney General<br>P.O. Box 629<br>Raleigh, NC 27602<br>apeters@ncdoj.gov<br>kmurphy@ncdoj.gov<br><br>*Counsel for Defendants* | Thomas A. Farr<br>Phillip J. Strach<br>Michael D. McKnight<br>Ogletree, Deakins, Nash, Smoak &<br>Stewart, P.C.<br>4208 Six Forks Road, Suite 1100<br>Raleigh, NC 27602<br>thomas.farr@ogletreedeakins.com<br>phillip.strach@ogletreedeakins.com<br>michael.mcknight@ogletreedeakins.com |

This the 8th day of February, 2016.

/s/ George Eppsteiner

George Eppsteiner
Counsel for Plaintiffs
