IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SANDRA LITTLE COVINGTON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE STATE OF NORTH CAROLINA, *et al*, <br><br> Defendants. | No. 1:15-cv-399 |

**PLAINTIFFS' RESPONSE AND PROPOSED MODIFICATIONS TO THE SPECIAL MASTER'S DRAFT PLAN**

Plaintiffs have carefully analyzed the Special Master's Draft Plan (hereinafter, "Draft Plan") and have concluded that the plan does remedy the constitutional flaws in the legislature's 2017 enacted plan. Because the Special Master has invited "suggestions as to unpairing incumbents or otherwise," ECF 212 at 1, Plaintiffs here offer some suggestions to unpair incumbents, and a few other slight proposed revisions to the Draft Plan. Such suggestions are offered only where, in accordance with the Court's and Special Master's instructions, those modifications take into account the state's legislative policy preferences as expressed in the state's adopted redistricting criteria, see ECF 212 at 3, and "do not degrade the underlying features of the plan as expressed in the Court's November 1st order." ECF 212 at 4.

**I.  House Districts 57 and Surrounding Districts in Guilford County**

Plaintiffs' analysis of the proposed changes to House Districts in Guilford County indicates that the racial gerrymandering has been cured. However, the reconfigured

1

districts do pair two sets of incumbents: African-American Democrat Amos Quick, currently representing House District 58, and White Republican Jon Hardister, currently representing House District 59, are paired in Draft Plan House District 59; White Democrat Pricey Harrison, currently representing House District 57, and White Republican John Blust, currently representing House District 62, are paired in Draft Plan House District 61. Districts 57 and 58 in the Draft Plan are left with no incumbent.

Plaintiffs believe that Representative Quick and Representative Hardister can be unpaired easily without degrading the underlying features of the plan. Representative Quick lives in Precinct SUM2, which is immediately adjacent to Draft Plan House District 58, which has no incumbent. There are two options for moving Representative Quick to open District 58:

(1) Rep. Quick's entire precinct could be added to HD 58. This change would not make HD 59 or HD 58 over- or under-populated.

(2) Rep. Quick lives at the northern end of Precinct SUM2, closer to the border with HD 58, so the precinct could be split to add only the top portion of SUM2 to HD 58.

Moving the entire precinct SUM2 to HD 58 does make HD 58 less compact than it is in the Draft Plan, but it is still within acceptable compactness ranges and much more compact than districts in the 2011 Plan.[1] Splitting the SUM2 precinct would make HD

---

[1] In the Draft Plan, HD 58 scores 0.27 on Reock and 0.15 on Polsby-Popper. Plaintiffs' proposed version of HD 58 that moves the entire SUM2 precinct scores 0.23 on Reock and 0.13 on Polsby-Popper. Thus, the Plaintiffs' Proposed whole-precinct modification

2

Case 1:15-cv-00399-TDS-JEP   Document 216   Filed 11/17/17   Page 2 of 9

58 more compact—comparable to the version in the Draft Plan[2]—but it would split a precinct where the Draft Plan in Guilford County currently splits no precincts. In Plaintiffs' view, both options are acceptable—neither significantly degrades the underlying plan in terms of compactness or respect for precincts and municipal boundaries. Plaintiffs offer both options to the Special Master—the maps presented in Exhibit A (the whole precinct map is at page 1 and the split precinct map is at page 2) and the shapefiles being served via email—but express no preference in terms of which option best complies with the Court's directives to the Special Master.

II.     **Wake County Districts**

Plaintiffs propose two small modifications to the Wake County Districts in the Special Master's Draft Plan. First, and most importantly, Plaintiffs have observed an apparently inadvertent violation of the North Carolina Constitution's prohibition on mid-decade redistricting. The Special Master was instructed by the Court to "recreate the 2011 House Districts 36, 37, 40 and 41" because the modification of those districts in the 2017 plan exceeded the court's order to remedy the two districts found to be racial gerrymanders. ECF 212 at 14 (Special Master's Order on Draft Plan); *see also* ECF 206 at 2-3 (Court's Order Appointing Special Master). It appears that the Draft Plan

---

is slightly less compact than the Draft Plan, but not in a way that degrades the plan in any significant way.
[2] In the Draft Plan, HD 58 scores 0.27 on Reock and 0.15 on Polsby-Popper. Plaintiffs' proposed version of HD 58 that adds only the northern part of precinct SUM2 scores 0.24 on Reock and 0.14 on Polsby-Popper. Plaintiffs' proposed split-precinct modification is thus more compact than the whole-precinct modification, and essentially comparable to the Special Master's Draft Plan version of the district.

inadvertently makes one precinct whole that was split in the 2011 version of HD 40. *See* Ex. A at 3. That is precinct 08-10, which is split in the 2011 version of HD 40 but is whole in the Draft Plan version of HD 40. Plaintiffs recommend slightly modifying the Draft Plan's version of HD 40 to restore it entirely to its 2011 version, including that split precinct. Significantly, restoring HD 40 to its 2011 form has ripple effects on at least two additional districts—certainly HD 49 and potentially HD 34. Splitting the precinct in HD 40 means that population is moved to HD 49, which then becomes overpopulated, and some population must be moved to an adjacent district. HD 34 is an obvious choice to receive that additional population from HD 49. The other districts that were to be restored to their 2011 versions (36, 37 and 41) have been perfectly restored.

Second, in the Draft Plan, two incumbents are paired. Democrat Cynthia Ball, currently representing House District 49, and Democrat Grier Martin, currently representing House District 34, are now paired in Draft Plan House District 49, while House District 34 is left with no incumbent. Representative Martin lives in Precinct 01-10, which is near the edge of Draft Plan District 49, making it easy to move him out of that district. Plaintiffs' proposed modification moves only six precincts between the two affected districts—Precincts 07-03 and 07-09 are moved from District 34 to District 49, and Precincts 01-10, 01-11, 01-12 and 01-36 are moved from District 49 to District 34. These modifications unpair the incumbents, keep the two districts within acceptable population deviations, have no impact on municipal boundary splits, do not split any precincts, and create two districts that are comparably compact to the same two districts

4

in the Draft Plan.[3] The two districts are maintained in the same region and retain the same general shape as they have in the Draft Plan. The map displaying Plaintiffs' proposed modifications to Wake County House Districts is can be seen in Exhibit A at page 4.

### III. Plaintiffs Make No Suggested Changes to the Following Districts

#### A. Mecklenburg County – HD 92, 103, 104, and 105

Plaintiffs' analysis of the proposed changes in this county in the Draft Plan indicates that the racial gerrymandering has been cured and that no incumbents intending to run in 2018 are paired by the configuration of the districts. Thus, Plaintiffs lodge no objections or proposed modifications to House Districts 92, 103, 104, and 105 in the Draft Plan.

#### B. Guilford County – HD 61

While Plaintiffs are able to recommend changes to the pairing of Representatives Hardister and Quick in Guilford county, *see supra* at Section I, at 1-3, unpairing Representative Blust and Representative Harrison is much more challenging.

---

[3] The change in compactness scores in HD 49 and 34 cannot be attributed entirely or even predominantly to the unpairing of Representatives Ball and Martin. Both of those districts were modified to accommodate the restoration of HD 40 and even out the population between districts in that area. Notwithstanding that fact, the compactness scores of the districts in the Special Master's plan and the Plaintiffs' suggested revisions are comparable. HD 49 in the Draft Plan scores 0.41 on Reock and 0.33 on Polsby-Popper. HD 49 in the Plaintiffs' Proposed Wake Modification scores 0.46 on Reock and 0.30 on Polsby-Popper. HD 34 in the Draft Plan scores 0.46 on Reock and 0.53 on Polsby-Popper. HD 34 in the Plaintiffs' Proposed Wake Modification scores 0.44 on Reock and 0.43 on Polsby-Popper. Thus, the Special Master's version of HD 34 is only very slightly more compact than Plaintiffs' suggested version, but that may be due to the restoration of HD 40. With HD 49, the Special Master's version scores better on Polsby-Popper and the Plaintiffs' version scores better on Reock. Ultimately, Plaintiffs' suggested modifications do not degrade the compactness of the Special Master's plan.

Representative Blust lives in Precinct FR3, which is at the edge of Draft Plan House District 61 and directly adjacent to House District 62. But moving Representative Blust into that District pairs Rep. Blust with Republican Representative John Faircloth, and has no other added advantages in terms of compactness or municipal boundaries. In addition, based on where Rep. Blust and Rep. Harrison live, it is not possible to move either of them into the open HD 57 without significantly degrading the underlying features of the plan. Thus, it seems like this pairing may be unavoidable, particularly given the fact that the Court has instructed that preventing the unpairing of incumbents is a "distinctly subordinate consideration." ECF 212 at 3.

## C. Sampson, Wayne, and Bladen Counties – HD 21 and 22

Plaintiffs' analysis of the proposed changes in this area of the state in the Draft Plan indicates that the racial gerrymandering has been cured and that no incumbents intending to run in 2018 are paired by the configuration of the districts. Thus, Plaintiffs lodge no objections to House Districts 21 and 22 in the Draft Plan nor have any proposed modifications.

## D. Cumberland and Hoke Counties – SD 19 and 21

Plaintiffs have no objection or proposed modification to Senate Districts 19 and 21 in the Draft Plan, although there is a potential pairing of Senators Clark (African-American Democrat) and Meredith (White Republican), using Senator Clark's new house in Fayetteville. *See* ECF 208, Ex. 2. Plaintiffs have not been able to create a map that cures

6

the racial gerrymander, unpairs Senator Clark's new home from Senator Meredith's residence, and maintains the underlying features of the plan.

### E. Guilford County – SD 28

Plaintiffs' analysis of the proposed changes to Senate District 28 indicates that the racial gerrymandering has been adequately cured. As with the Senate Districts in Cumberland County, there are two incumbents paired—African-American Democrat Gladys Robinson, currently representing Senate District 28, and White Republican Senator Trudy Wade, currently representing Senate District 27, are paired in Draft Plan Senate District 27.

Plaintiffs have not been able to design a configuration of Senate Districts in this cluster that would both cure the racial gerrymandering in Senate District 28, leave Senate District 26 untouched, *see* ECF 212 at 7, not degrade the underlying features of the plan, and not pair these two incumbents.

### **CONCLUSION**

Therefore Plaintiffs respectfully make the foregoing proposed slight adjustments to the Special Master's draft plan. Shapefiles with these proposed changes are being served upon the parties and the Special Master with the filing of this brief.

Respectfully submitted this 17th day of November, 2017.

| | |
|---|---|
| **POYNER SPRUILL LLP** | **SOUTHERN COALITION FOR SOCIAL JUSTICE** |
| By: /s/ Edwin M. Speas, Jr.<br>Edwin M. Speas, Jr.<br>N.C. State Bar No. 4112<br>espeas@poynerspruill.com<br>Caroline P. Mackie<br>N.C. State Bar No. 41512<br>cmackie@poynerspruill.com<br>P.O. Box 1801 (27602-1801)<br>301 Fayetteville St., Suite 1900<br>Raleigh, NC 27601<br>Telephone: 919-783-6400<br>Facsimile: 919-783-1075<br><br>*Counsel for Plaintiffs* | By: /s/ Allison J. Riggs<br>Allison J. Riggs<br>N.C. State Bar No. 40028<br>allisonriggs@southerncoalition.org<br>1415 Highway 54, Suite 101<br>Durham, NC 27707<br>Telephone: 919-794-4198<br>Facsimile: 919-323-3942<br><br>*Counsel for Plaintiffs* |

# CERTIFICATE OF SERVICE

I hereby certify that on this date I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will provide electronic notification of the same to the following:

| | |
|---|---|
| Alexander M. Peters<br>James Bernier<br>Special Deputy Attorney General<br>Office of the Attorney General<br>P.O. Box 629<br>Raleigh, NC 27602<br>apeters@ncdoj.gov<br><br>*Counsel for Defendants* | Thomas A. Farr<br>Phillip J. Strach<br>Michael D. McKnight<br>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>4208 Six Forks Road, Suite 1100<br>Raleigh, NC 27602<br>thomas.farr@ogletreedeakins.com<br>phillip.strach@ogletreedeakins.com<br>michael.mcknight@ogletreedeakins.com<br><br>*Counsel for Defendants* |

This 17th day of November, 2017.

*/s/ Allison J. Riggs*
Allison J. Riggs

*Counsel for Plaintiffs*