IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
NO. 1:15-CV-00399

| | |
|---|---|
| SANDRA LITTLE COVINGTON, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STATE OF NORTH CAROLINA, *et al.* ) <br> ) <br> Defendants. ) <br> ) | **LEGISLATIVE DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO EXPEDITE RULING ON PLAINTIFFS' OBJECTIONS** |

## INTRODUCTION

Legislative defendants request the Court to expedite its final ruling on plaintiffs' Objections to the 2017 House and Senate redistricting plans ("Objections") (D.E. 189) by issuing the ruling on or before January 10, 2018—the next date that the North Carolina General Assembly is scheduled to be in session. Issuing a final ruling on or before January 10, 2018 will protect the State's ability to seek meaningful Supreme Court review and take additional legislative action if necessary. To facilitate a ruling by that date, legislative defendants respectfully suggest that the hearing on the Special Master's Recommended Plan and Report, currently scheduled for January 5, 2018, be held instead on or before December 22, 2017.

## BACKGROUND

On August 31, 2017, in response to an order of this Court, the North Carolina General Assembly enacted new redistricting plans for the North Carolina House of

Representatives and North Carolina Senate ("2017 plans"). On September 15, 2017, plaintiffs filed their Objections.

On October 26, 2017, while the Objections remained pending, the Court entered an order announcing its intention to appoint a special master to redraw districts the Court had not yet declared illegal. (D.E. 202) In a response objecting to the intended appointment, legislative defendants notified the Court that the legislature stood ready to re-draw any districts the Court determined to be unlawful and that any such districts would need to be drawn by December 15, 2017 to ensure enough time for review and implementation before the start of the filing period. (D.E. 204 at 8)

By order dated November 1, 2017, the Court appointed a special master. (D.E. 2016) The special master submitted his final report on December 1, 2017 and the parties are currently briefing that final report.

On November 22, 2017, the Court entered a notice of a hearing on the special master's report for January 5, 2018. As of the date of this motion, the Court has not entered its final ruling on plaintiffs' Objections.

The General Assembly is scheduled to reconvene its session on January 10, 2018. https://www.ncga.state.nc.us/homePage.pl. The filing period for state legislative elections is currently scheduled to open on February 12, 2018. (D.E. 206 at 14)

## ARGUMENT

Legislative defendants request that the Court issue its final ruling on plaintiffs' Objections on or before January 10, 2018—the first day of the legislature's reconvened session.

Legislative defendants have previously notified the Court that the legislature stands ready to exercise its constitutional right to re-draw any districts in the 2017 plans that this Court declares unlawful. They have also notified the Court that they intend to seek Supreme Court review in the event this Court enters an order finding districts in the 2017 plans unlawful.

Legislative defendants are concerned that the Court's current schedule will not permit sufficient time for the legislature to seek meaningful Supreme Court review or exercise its constitutional prerogative to re-draw any districts found unlawful. The Court has not scheduled a hearing on the special master's report until January 5, 2018. The State has already notified the Court that new plans would need to have been in place by December 15, 2017 to allow sufficient time for review by the Court and implementation before the currently scheduled filing period. Had the Court already issued its final ruling on the Objections, the legislature could have acted to re-draw any unlawful districts while the Court's special master did his work. In that event, the Court could have now been reviewing districts re-drawn by the legislature as well as the special master's report. Instead, even if the Court issues a final ruling on the Objections soon after the January 5 hearing, the legislature will very little time to re-draw any districts while leaving time for this Court's review and implementation by the elections board prior to the start of the filing period.

Such a result would be contrary to the Supreme Court's admonition that "a lawful, legislatively enacted plan [is] preferable to one drawn by the courts." *League of United Latin American Citizens v. Perry*, 548 U.S. 399, 416 (2006) ("*LULAC*"). As explained

in *LULAC*, the legislature has a constitutional right "to replace a court-drawn plan with one of its own design" and "no presumption of impropriety should attach to the legislative decision to act." *Id.* To act otherwise would violate the Supreme Court's "assumption that to prefer a court-drawn plan to a legislature's replacement would be contrary to the ordinary and proper operation of the political process." *Id.* Legislative defendants request that this Court not foreclose the ability of the legislature to act under the current election schedule and instead expedite its ruling.

An expedited schedule will also benefit candidates and those seeking to participate in the political process. This Court previously noted with approval plaintiffs' concerns that the absence of final districts "makes it difficult for prospective legislative candidates to decide whether to run, raise money, and begin campaigning because those candidates do not know in which district they will be eligible to run or whom their prospective constituents and opponents will be." (D.E. 180 at 4) Further, the Court explained that the November 15, 2017 deadline then proposed by the legislature for the enactment of new plans would "interfere with the ability of potential candidates to prepare for the upcoming 2018 general election." (D.E. 180 at 7) The same is true now in the absence of final districts in the areas challenged in plaintiffs' Objections.

To mitigate the timing concerns the Court's current schedule has already created, the Court should issue its final ruling on the Objections no later than January 10, 2018. Since the legislature will re-convene on that date, a ruling by then will give the legislature its best opportunity under these circumstances to draw new districts if necessary.

4

Moreover, a ruling by that date will allow legislative defendants to pursue Supreme Court review if necessary.

## CONCLUSION

Legislative defendants request the Court to expedite its final ruling on plaintiffs' Objections by issuing the ruling on or before January 10, 2018. To facilitate a ruling by that date, legislative defendants respectfully suggest that the hearing on the Special Master's Recommended Plan and Report, currently scheduled for January 5, 2018, be held instead on or before December 22, 2017.

This 12th day of December, 2017.

>OGLETREE, DEAKINS, NASH,
>SMOAK & STEWART, P.C.
>
>/s/ Phillip J. Strach
>Phillip J. Strach
>N.C. Bar No. 29456
>Michael D. McKnight
>N.C. Bar No. 36932
>4208 Six Forks Road, Suite 1100
>Raleigh, North Carolina 27609
>Phone: (919) 787-9700
>Facsimile: (919) 783-9412
>Email:phil.strach@ogletreedeakins.com
>*Attorneys for Legislative Defendants*

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing **Legislative Defendants' Brief in Support of Motion to Expedite Ruling on Plaintiffs' Objections** contains no more than 6,250 words as allowed by Local Rule 7.3(d).

This the 12th day of December, 2017.

/s/ Phillip J. Strach
Phillip J. Strach
N.C. Bar No. 29456
4208 Six Forks Road, Suite 1100
Raleigh, North Carolina 27609
Phone: (919) 787-9700
Facsimile: (919) 783-9412
Email: phil.strach@ogletreedeakins.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2017, I have served the foregoing **CORRECTED LEGISLATIVE DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO EXPEDITE RULING ON PLAINTIFFS' OBJECTIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Edwin M. Speas, Jr. <br> Carolina P. Mackie <br> Poyner Spruill LLP <br> P.O. Box 1801 (27602-1801) <br> 301 Fayetteville St., Suite 1900 <br> Raleigh, NC  27601 <br> espeas@poynerspruill.com <br> johale@poynerspruill.com <br> cmackie@poymerspruill.com <br> *Attorneys for Plaintiffs* | Allison J. Riggs <br> Southern Coalition for Social Justice <br> 1415 Highway 54, Suite 101 <br> Durham, NC  27707 <br> anita@southerncoalition.org <br> allisonriggs@southerncoalition.org <br> *Attorneys for Plaintiffs* <br> <br> Alexander McC. Peters <br> Senior Deputy Attorney General <br> N.C. Department of Justice <br> P.O. Box 629 <br> Raleigh, NC 27602 |

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

/s/ Phillip J. Strach
Phillip J. Strach
N.C. Bar No. 29456
4208 Six Forks Road, Suite 1100
Raleigh, North Carolina 27609
Phone: (919) 787-9700
Facsimile: (919) 783-9412
Email: phil.strach@ogletreedeakins.com