IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
NO. 1:15-CV-00399

| | |
|---|---|
| SANDRA LITTLE COVINGTON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **LEGISLATIVE DEFENDANTS'** |
| v. ) | **PROPOSED QUESTIONS TO** |
| ) | **THE SPECIAL MASTER** |
| STATE OF NORTH CAROLINA, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pursuant to the Order entered December 21, 2017 (D.E. 233), legislative defendants submit the following proposed questions for the special master.

For the record, however, legislative defendants object to being limited to propounding of written questions screened in advance by the Court in lieu of a deposition or cross-examination under oath in open court. Based on the work the special master has performed for the Court so far, it appears that Professor Persily is acting not as a special master under Rule 53, Fed. R. Civ. P., but rather as a court-appointed expert under Rule 706, Fed. R. Evid. This seems particularly true in light of the fact that the Court has not yet issued what it contends is a final ruling on the plaintiffs' objections to the 2017 plans. Under Rule 706, the court-appointed expert "may be deposed by any party," "may be called to testify by the court or any party," and "may be cross-examined by any party." Fed. R. Evid. 706(b)(2)-(4). The designation of Professor Persily as a special master rather than a court-appointed expert is thus frustrating the legislative defendants' due

process rights and represents another derogation of State sovereignty in these proceedings.

Subject to the foregoing, legislative defendants propound the following questions:

1. Identify and describe all ex parte communications with members of the Court.

2. Identify and describe all ex parte communications since October 26, 2017 with court personnel, including law clerks.

3. Identify and describe all communications you have had from October 26, 2017 to December 1, 2017 with any attorney or employee of any of the following: the Campaign Legal Center, the NC NAACP, the national NAACP, Democracy NC, NC Common Cause, the national Common Cause, and/or the National Democratic Redistricting Trust. In addition, please disclose any monetary payments received by you (or agreements to make future monetary payments to you) from any of these organizations for work by you in connection with preparation of amicus briefs or legal representation in redistricting litigation since 2011.

4. Identify each individual with whom you have had any communications regarding your final report and describe the substance of each such communication.

5. Identify each individual who assisted you in preparing your final report and describe the substance of any such assistance.

6. Please provide the text of the request you made to the Court in the communication identified in footnote 7 of your final report and the text of the Court's response.

*For the following, please admit or deny the truth of the matter requested. For any matter denied, or for which you offer a qualified answer, please explain the basis for the denial or qualified answer.*

House District 57

7. Admit that your final report does not offer an opinion about whether race predominated in the drawing of the 2017 House District ("HD") 57.

8. Admit that your final report does not conclude that race predominated in the drawing of the 2017 HD 57.

9. Admit that you made no findings of fact regarding racial predominance in the drawing of the 2017 HD 57.

10. Admit that you reviewed data regarding the race of voters while redrawing HD 57.

11. Admit that you drew drafts of HD 57 which are not reported in your draft or final reports. If such drafts exist, please produce copies of all drafts of HD 57 drawn by you prior to submitting your draft report and final report. For each such draft, please also produce the stat pack for HD 57 and all other House districts in Guilford County for that draft.

12. Admit that you did not consult with any elected official in Guilford County (federal, state or local) in redrawing HD 57 or any other House Districts in Guilford County. If you did consult with any such person, identify the person with whom you consulted and describe the substance of those conversations.

13. Admit that you did not use election results data in redrawing HD 57 or any other House Districts in Guilford County.

14. Admit that in redrawing HD 57 you did not attempt to draw a district in which the current incumbent would have a reasonable opportunity to win.

15. Admit that in redrawing House Districts in Guilford County you did not draw districts in which the current incumbents of those districts would have an opportunity to win.

House District 21

16. Admit that your final report does not offer an opinion about whether race predominated in the drawing of the 2017 HD 21.

17. Admit that your final report does not conclude that race predominated in the drawing of the 2017 HD 21.

18. Admit that you made no findings of fact regarding racial predominance in the drawing of the 2017 HD 21.

19. Admit that you reviewed data regarding the race of voters while redrawing HD 21.

20. Admit that you drew drafts of HD 21 which are not reported in your draft or final reports. If such drafts exist, please produce copies of all drafts of HD 21 drawn by you prior to submitting your draft report and final report. For each such draft, please also produce the stat pack for HD 21 and all other House districts in Sampson County for that draft.

21. Admit that you did not consult with any elected official in Sampson County (federal, state or local) in redrawing HD 21 or any other House Districts in Sampson County. If you did consult with any such person, identify the person with whom you consulted and describe the substance of those conversations.

22. Admit that you did not use election results data in redrawing HD 21 or any other House Districts in Sampson County.

23. Admit that in redrawing HD 21 you did not attempt to draw a district in which the current incumbent would have a reasonable opportunity to win.

24. Admit that in redrawing House Districts in Sampson County you did not draw districts in which the current incumbents of those districts would have an opportunity to win.

Senate District 28

25. Admit that your final report does not offer an opinion about whether race predominated in the drawing of the 2017 Senate District ("SD") 28.

26. Admit that your final report does not conclude that race predominated in the drawing of the 2017 SD 28.

27. Admit that you made no findings of fact regarding racial predominance in the drawing of the 2017 SD 28.

28. Admit that you reviewed data regarding the race of voters while redrawing SD 28.

29. Admit that you drew drafts of SD 28 which are not reported in your draft or final reports. If such drafts exist, please produce copies of all drafts of SD 28 drawn by

5

you prior to submitting your draft report and final report. For each such draft, please also produce the stat pack for SD 28 and all other Senate districts in Guilford County for that draft.

30. Admit that you did not consult with any elected official in Guilford County (federal, state or local) in redrawing SD 28 or any other Senate Districts in Guilford County. If you did consult with any such person, identify the person with whom you consulted and describe the substance of those conversations.

31. Admit that you did not use election results data in redrawing SD 28 or any other Senate Districts in Guilford County.

32. Admit that in redrawing SD 28 you did not attempt to draw a district in which the current incumbent would have a reasonable opportunity to win.

33. Admit that in redrawing Senate Districts in Guilford County you did not draw districts in which the current incumbents of those districts would have an opportunity to win.

Senate District 21

34. Admit that your final report does not offer an opinion about whether race predominated in the drawing of the 2017 SD 21.

35. Admit that your final report does not conclude that race predominated in the drawing of the 2017 SD 21.

36. Admit that you made no findings of fact regarding racial predominance in the drawing of the 2017 SD 21.

37. Admit that you reviewed data regarding the race of voters while redrawing SD 21.

38. Admit that you drew drafts of SD 21 which are not reported in your draft or final reports. If such drafts exist, please produce copies of all drafts of SD 21 drawn by you prior to submitting your draft report and final report. For each such draft, please also produce the stat pack for SD 21 and all other Senate districts in Cumberland County for that draft.

39. Admit that you did not consult with any elected official in Cumberland County (federal, state or local) in redrawing SD 21 or any other Senate Districts in Cumberland County. If you did consult with any such person, identify the person with whom you consulted and describe the substance of those conversations.

40. Admit that you did not use election results data in redrawing SD 21 or any other Senate Districts in Cumberland County.

41. Admit that in redrawing SD 21 you did not attempt to draw a district in which the current incumbent would have a reasonable opportunity to win.

42. Admit that in redrawing Senate Districts in Cumberland County you did not draw districts in which the current incumbents of those districts would have an opportunity to win.

This 27th day of December, 2017.

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

        /s/ Phillip J. Strach
        Phillip J. Strach
        N.C. Bar No. 29456
        Michael D. McKnight
        N.C. Bar No. 36932
        4208 Six Forks Road, Suite 1100
        Raleigh, North Carolina 27609
        Phone: (919) 787-9700
        Facsimile: (919) 783-9412
        Email:phil.strach@ogletreedeakins.com
        *Attorneys for Legislative Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December, 2017, I have served the foregoing **LEGISLATIVE DEFENDANTS' PROPOSED QUESTIONS TO THE SPECIAL MASTER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Edwin M. Speas, Jr. | Allison J. Riggs |
| Carolina P. Mackie | Southern Coalition for Social Justice |
| Poyner Spruill LLP | 1415 Highway 54, Suite 101 |
| P.O. Box 1801 (27602-1801) | Durham, NC 27707 |
| 301 Fayetteville St., Suite 1900 | allisonriggs@southerncoalition.org |
| Raleigh, NC 27601 | *Attorneys for Plaintiffs* |
| espeas@poynerspruill.com | |
| cmackie@poymerspruill.com | |
| *Attorneys for Plaintiffs* | |

Alexander McC. Peters
Senior Deputy Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

/s/ Phillip J. Strach
Phillip J. Strach
N.C. Bar No. 29456
4208 Six Forks Road, Suite 1100
Raleigh, North Carolina 27609
Phone: (919) 787-9700
Facsimile: (919) 783-9412
Email: phil.strach@ogletreedeakins.com

32424524.1

32424524.1