IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SANDRA LITTLE COVINGTON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE STATE OF NORTH CAROLINA, *et al,* <br><br> Defendants. | No. 1:15-cv-399 |

**PLAINTIFFS' PROPOSED QUESTIONS FOR THE SPECIAL MASTER**

Pursuant to this Court's order on December 21, 2017, ECF No. 233, Plaintiffs respectfully submit the following questions for the Special Master with respect to his Recommended Plan and Report:

1. You concluded, like the Court, that race continued to predominate in the construction of SD 21 in Cumberland County in the 2017 enacted plan, based on the district's "noncompact" shape and "the long extension into Fayetteville that seems surgically designed to capture heavily African American precincts, while evading heavily white precincts. ECF 220 at 31. Do the pattern of which precincts are excluded from 2017 district, and the district's high BVAP, also support your conclusion that race continued to predominate? Are there any other factors you observed about the district that confirmed that race continued to predominate in the 2017 version?

2. You concluded, like the Court, that race continued to predominate in the construction of SD 28 in Guilford County in the 2017 enacted plan, based on "the

1

District's tracking of the African American precincts in Greensboro." ECF 220 at 34. Do the 2017 district's lack of respect for traditional redistricting criteria and the high BVAP in the district also support your conclusion that race continued to predominate? Are there any other factors you observed about the district that confirmed that race continued to predominate in the 2017 version?

3. In the 2017 House Plan, you likewise concluded, as did the Court, that race continued to predominate in the construction of HD 57 in Guilford County, because "the district retains a Black Voting Age Population (BVAP) of 60.75% by largely tracking the heavily African American precincts in northeastern Greensboro in a reverse "L shaped" pattern." ECF 220 at 45. Do the 2017 district's lack of respect for traditional redistricting criteria and the fact that the legislature actually increased the BVAP in the district when compared to the 2011 version also support your conclusion that race continued to predominate? Are there any other factors you observed about the district that confirmed that race continued to predominate in the 2017 version?

4. You concluded, like the Court, that race continued to predominate in the construction of HD 21 in Wayne and Sampson Counties in the 2017 enacted plan, because the district is "bizarre in shape, continues to join Goldsboro in Wayne County with portions of eastern Sampson County splitting the town of Clinton in half," and "continues to include the more heavily African American precincts in the County, while excluding the heavily white precincts nearby." ECF 220 at 40.

Do the 2017 district's compactness scores and high BVAP also support your conclusion that race continued to predominate? Are there any other factors you observed about the district that confirmed that race continued to predominate in the 2017 version?

5. Is it possible to consider race in drawing district lines without race predominating in the process? If yes, how so?

6. In drawing your recommended plan, what steps did you take to make sure that race did not predominate in how you constructed the few districts you were instructed to address?

7. In general, how did you defer to legislative policy choices in the drawing of the districts you were instructed by the Court to address? With respect to those districts, are there specific examples that highlight your deference to legislative policy choices?

8. How did you ensure that the districts you were asked to redraw were drawn in a neutral, non-partisan basis?

9. Does the fact that now two maps (your Recommended Plan and Plaintiffs' Proposed Plan) correct the racially gerrymandered House Districts in Wake and Mecklenburg Counties without making any changes to the 2011 legislatively-enacted districts HD 36, 37, 40, 41 and 105 confirm that it was unnecessary to change those districts? If yes, why?

Respectfully submitted this 27th day of December, 2017.

| POYNER SPRUILL LLP | SOUTHERN COALITION FOR SOCIAL JUSTICE |
|---|---|
| By: /s/ Edwin M. Speas, Jr.<br>Edwin M. Speas, Jr.<br>N.C. State Bar No. 4112<br>espeas@poynerspruill.com<br>Caroline P. Mackie<br>N.C. State Bar No. 41512<br>cmackie@poynerspruill.com<br>P.O. Box 1801 (27602-1801)<br>301 Fayetteville St., Suite 1900<br>Raleigh, NC 27601<br>Telephone: 919-783-6400<br>Facsimile: 919-783-1075<br><br>*Counsel for Plaintiffs* | By: /s/ Allison J. Riggs<br>Allison J. Riggs<br>N.C. State Bar No. 40028<br>allison@southerncoalition.org<br>Jaclyn Maffetore<br>N.C. State Bar No. 50849<br>Jaclyn@southerncoalition.org<br>1415 Highway 54, Suite 101<br>Durham, NC 27707<br>Telephone: 919-323-3909<br>Facsimile: 919-323-3942<br><br>*Counsel for Plaintiffs* |

4

Case 1:15-cv-00399-TDS-JEP   Document 236   Filed 12/27/17   Page 4 of 5

# CERTIFICATE OF SERVICE

I hereby certify that on this date I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will provide electronic notification of the same to the following:

| | |
|---|---|
| Alexander M. Peters<br>James Bernier<br>Special Deputy Attorney General<br>Office of the Attorney General<br>P.O. Box 629<br>Raleigh, NC 27602<br>apeters@ncdoj.gov<br><br>*Counsel for Defendants* | Thomas A. Farr<br>Phillip J. Strach<br>Michael D. McKnight<br>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>4208 Six Forks Road, Suite 1100<br>Raleigh, NC 27602<br>thomas.farr@ogletreedeakins.com<br>phillip.strach@ogletreedeakins.com<br>michael.mcknight@ogletreedeakins.com<br><br>*Counsel for Defendants* |

This 27th day of December, 2017.

*/s/ Allison J. Riggs*
Allison J. Riggs

*Counsel for Plaintiffs*