IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SANDRA L. COVINGTON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:15-CV-399 |
| | ) | |
| STATE OF NORTH CAROLINA, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court has reviewed the questions submitted by the parties, Doc. 235 and Doc. 236, and the report of Douglas Johnson, Doc. 234-1.

The Court will not direct the Special Master to address Plaintiff's Questions 1-4, as these questions contain an incorrect factual assumption and ask the Special Master to express an opinion beyond the issues he was appointed to address. The Court will not direct the Special Master to address Plaintiff's Question 9 as it is argumentative and unnecessary.

Without approving the form of the questions, the Court directs the Special Master to address the substance of Plaintiff's Questions 6 (addressing whether he considered race at all in his drafting process, and if so, when and how), 7, and 8. The Special Master may address the substance of Plaintiff's Question 5 to the extent it is helpful in addressing Question 6, but otherwise no answer to Plaintiff's Question 5 will be required.

The Court will not direct the Special Master to address specifically Legislative Defendants' Questions 1-4, as those questions as propounded are, in varying degrees,

argumentative, unnecessary, unhelpful to the Court, distracting, and unproductive. In lieu thereof, the Court will direct the Special Master to address his compliance with the Court's Order concerning communications and to disclose any monetary payments he received (or agreements as to future payments) since 2011 from any of the groups listed in connection with the work identified.

Without approving the form of the questions and without requiring that the questions be answered one by one or in any specific order, the Court directs the Special Master to address the substance of Legislative Defendants' Questions 5 and 7-42. The Special Master need not produce any drafts or stat packs.

As to Legislative Defendants' Question 6, the Court will provide the answer as follows:

Question to the Court from Professor Persily:

> I am seeking clarification with respect to the Court's order of November 1, 2017, as to how to redraw the House districts in Wake and Mecklenburg Counties. I understand from the Court's order that 2011 House districts 36, 37, 40, 41, and 105 should be reinstated. I also understand that the Court does not have concerns regarding the 2017 configuration of the remedial districts themselves in those counties -- that is, 2017 Enacted Districts 33, 38, 99, 102, and 107. I am interpreting the Court's order as directing me to retain the 2017 districts that do not need to be redrawn to address the state constitutional violation in those districts. For example, to reinstate 2011 District 105 in southern Mecklenburg County would only necessitate redrawing districts that currently adjoin 105. It would not require redrawing of the 2011 Subject Districts in that County. Am I correct in interpreting the Court's direction that modifications to the 2017 districts in Wake and Mecklenburg Counties shall only extend to remedying the districts that violate the state constitution, rather than using my discretion to redraw the 2011 Subject Districts in those counties to address the previously recognized infirmity of those districts under the U.S. Constitution?

2

Answer from the Court:

On behalf of the court, the answer to your question is yes, with the understanding, of course, that the redrawn districts cannot perpetuate the 2011 violations and must be constitutionally adequate.

At the hearing, the Legislative Defendants may proffer testimony from Douglas Johnson. The Court reserves ruling on whether and to what extent the Court will consider any such proffered testimony. The Court asks the Special Master to be prepared to address the CDP/Municipality Issue raised in the Johnson report. The Special Master may, but is not required to, address such other matters in the Johnson report as he believes would be helpful to the Court's evaluation of the Special Master's report.

**SO ORDERED**, this the 3rd day of January, 2018.

UNITED STATES DISTRICT JUDGE
FOR THE COURT